1 **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | No. 12-1526M |
| Plaintiff, | ) ) ) | **DETENTION ORDER** |
| vs. | ) ) ) | |
| Jose Luis Garcia, | ) ) ) | |
| Defendant. | ) ) ) | |

In accordance with Title 18 U.S.C. § 3142 of the Bail Reform Act, a detention hearing was held in the above-captioned matter. The Court finds that the Government has established: (Check one or both, as applicable)

☐ by clear and convincing evidence, Defendant is a danger to the community and shall be detained pending trial.

☐ by a preponderance of the evidence, Defendant is a serious flight risk and shall be detained pending trial.

**PART I -- FINDINGS OF FACT**

☒ (1) There is probable cause to believe that Defendant has committed the following:
   ☒ an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. §§ 841(a)(1) and 951 *et seq*.

☐ an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332(b).

☐ an offense listed in 18 U.S.C. § 2332b(g)(5)(B) (crimes of terrorism) for which a maximum term of imprisonment of ten years or more is prescribed.

☐ an offense involving a minor victim prescribed in _____.[1]

☒ (2) Defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure the safety of the community.

**Alternative Findings**

☐ (1) There is a serious risk that Defendant will flee and no condition or combination of conditions will reasonably assure Defendant's appearance as required at future court proceedings.

☐ (2) No condition or combination of conditions will reasonably assure the safety of the community or others if Defendant were released from detention.

☐ (3) There is a serious risk that the defendant will (obstruct or attempt to obstruct justice) (threaten, injure, or intimidate a prospective witness or juror).

---

[1] Insert as applicable: 18 U.S.C. § 1201 (kidnaping); § 1591 (sex trafficking); § 2241 (aggravated sexual abuse); § 2242 (sexual abuse); § 2244(a)(1) (certain abusive sexual contact); § 2245 (offenses resulting in death); § 2251 (sexual exploitation of children); § 2251A (selling or buying of children); § 2252(a)(1), 2252(a)(2), 2252(a)(3) (certain activities relating to material involving sexual exploitation of minors); § 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4) (certain activities relating to material constituting or containing child pornography); § 2260 (production of sexually explicit depictions of minors for importation into the U.S.); § 2421 (transportation for prostitution or a criminal sexual activity offense); § 2422 (coercion or enticement for a criminal sexual activity); § 2423 (transportation of minors with intent to engage in criminal sexual activity); and § 2425 (use of interstate facilities to transmit information about a minor).

1  ☐    (4) _____

_____

_____

_____

## PART II -- WRITTEN STATEMENT OF REASONS FOR DETENTION
(Check one or both, as applicable)

☐ (1) The Court finds that credible testimony and information submitted at the hearing establish by clear and convincing evidence as to danger that:

_____

_____

_____

_____

☐ (2) The Court finds by a preponderance of the evidence as to risk of flight that:

☐ Defendant has no significant contacts in the District of Arizona;

☐ Defendant has no resources in the United States from which he/she might make a bond reasonably calculated to assure his/her future appearance;

☐ Defendant has a prior criminal history;

☐ Defendant has a record of failure(s) to appear in court as ordered;

☐ Defendant attempted to evade law enforcement contact by fleeing from law enforcement;

☐ Defendant is facing a minimum mandatory of _____ incarceration and a maximum of _____ if convicted;

☒ Defendant does not dispute the information contained in the Pretrial Services Report, and all supplements, if any, except:

Defendant denied usage of illicit drugs despite the positive drug test by PTS

☒ In addition:

1. Defendant has prior felony convictions for trafficking in illict drugs (MJ) and Aggravated DUI; 2. Defendant tested positive for illicit drug usage (amphetamine and methamphetamine); 3. The Government has a very strong case against Defendant as 8.5 lbs. of meth was found secreted in non-factory compartment behind the glove box of the pickup registered to Defendant shortly after Defendant entered the U.S. from Mexico and he admitted to CBP officers he was smuggling methamphetamine into U.S.

The Court incorporates by reference the findings of the Pretrial Services report and all supplements, if any, which were reviewed by the Court at or before the time of the hearing in this matter.

## PART III -- DIRECTIONS REGARDING DETENTION

**IT IS ORDERED** that Defendant is hereby committed to the custody of the Attorney General or his/her designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. 18 U.S.C. § 3142(i)(2). Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. 18 U.S.C. § 3142 (i)(3). Upon order of a court of the United States or request of an attorney for the Government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal Service for the purpose of an appearance in connection with a court proceeding. 18 U.S.C. § 3142(i)(4).

## PART IV -- APPEALS AND THIRD PARTY RELEASE

1      **IT IS FURTHER ORDERED** that should a review of this detention order be
2 filed pursuant to 18 U.S.C. § 3145, it is the responsibility of the movant's attorney to
3 deliver a copy of the motion for review to U.S. Pretrial Services, at least, one day prior to
4 the review hearing set before the assigned District Judge. Pursuant to Rule 59(a), Fed.R.
5 Crim.P. (2010), a party seeking review shall have **fourteen (14) days** to file a motion for
6 review after being served with a copy of this written order, after the oral order is stated on
7 the record, or at some other time the assigned District Judge may set. Failure to timely file
8 a motion for review in accordance with Rule 59(a) may waive the right to review. Rule
9 59(a), Fed.R.Crim.P.

10     **IT IS FURTHER ORDERED** that the issue of detention may be reopened at any
11 time before trial upon a finding that information exists that was not known to the movant
12 at the time of the detention hearing and such information has a material bearing on the
13 issue whether there are conditions of release that will reasonably assure the appearance of
14 Defendant as required and the safety of any other person and the community. Title 18
15 U.S.C. § 3142(f).

16     DATED this 7th day of June, 2012.

*[Signature]*
Lawrence O. Anderson
United States Magistrate Judge